**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

September 26, 2007

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

**Re:** *Tillman v. Astrue, Commissioner of Social Security*, Civil Action No. 07-0295 (JAP)

Dear Parties,

    Presently before the Court is a motion by Plaintiff Darryl B. Tillman to remand the case to the Commissioner of Social Security for consideration of alleged new and material evidence. Defendant Michael J. Astrue, Commissioner of the Social Security Administration, ("Commissioner") opposes this motion. For the reasons set forth herein, the Court denies Plaintiff's motion to remand.

    **I.    Background**

    On September 16, 2004, Plaintiff filed an application for Social Security Disability Insurance Benefits with the Commissioner pursuant to 42 U.S.C. §§ 401 et seq. On November 16, 2004, the Commissioner denied the application. On December 7, 2004, Plaintiff filed a request for reconsideration, which was denied on December 23, 2004. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), who heard the matter on March 10, 2006 and June 12, 2006. On August 31, 2006, the ALJ issued a decision denying Plaintiff's claim. Plaintiff filed a request for a review by the Appeals Council on September 15, 2006. The Appeals Council denied that request on December 19, 2006.

    Plaintiff then appealed to this Court pursuant to 42 U.S.C. § 405(g). On September 13, 2007, Plaintiff moved to remand the case back to the Commissioner. Plaintiff alleges that "there is new evidence which is material and that there is a good cause for the failure to incorporate such evidence into the record in [the] prior proceeding." 42 U.S.C. § 405(g). That new evidence is a Study of an Adult Echocardiogram taken of Plaintiff on August 16, 2007. The Study reports, in relevant part, that Plaintiff's "[r]ight ventricular systolic pressure is elevated at 40-50mm Hg, consistent with moderate pulmonary hypertension[;] Right ventricular systolic pressure is elevated, consistent with moderate pulmonary hypertension." According to Plaintiff, this Study indicates that he qualifies for Disability Insurance Benefits under 20 C.F.R.

Pt. 404, Subpt. P, App. 1, § 3.09.  Defendant opposes the motion on the basis that the Study does not relate to the time period for which benefits were denied and, therefore, cannot be material evidence.  In addition, Defendant contends that, even if the Study is material, its existence does not conclusively entitle Plaintiff to benefits.

### II.     Discussion

This Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"  42 U.S.C. § 405(g).  Such a remand for reconsideration of "new evidence" is appropriate only where a three-pronged standard has been met: (1) the evidence must be new, and not cumulative of what is already in the record; (2) the evidence must be "material," meaning that it is relevant and probative; and (3) the Plaintiff must "demonstrate good cause for not having incorporated the new evidence into the administrative record."  Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984).

Here, the parties dispute whether the August 16, 2007 Study is material.  "[T]he materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination."  Ibid.  As a result, there is "[a]n implicit materiality requirement . . . that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  Ibid.  The Study does not meet this "implicit materiality requirement" because it amounts to "evidence . . . of the subsequent deterioration of the previously non-disabling condition."  Plaintiff initially submitted his claim for Disability Insurance Benefits on September 16, 2004.  A Study conducted almost three years after Plaintiff's filing of his claim cannot "relate to the time period for which benefits were denied."  As the Commissioner notes, Plaintiff's "proper course of action is to file a new application[,]" rather than to seek a remand.  (Def.'s Br. at 2).

### III.    Conclusion

In conclusion, Plaintiff is not entitled to a remand to the Commissioner for reconsideration of new evidence under 42 U.S.C. § 405(g).  An appropriate order follows.


                                            /s/ JOEL A. PISANO
                                            Joel A. Pisano
                                            United States District Judge